Dear Mr. Bossier:
You have requested an opinion of the Attorney General, in your capacity as legal counsel to the Pointe Coupee Parish Police Jury, relating to the use of dedicated sales tax revenue. The issue presented is whether the revenues from a sales tax dedicated for a parishwide recreation program can be used for the promotion of tourism within the parish.
The sales tax proposition approved by the electorate mandates that the tax proceeds be dedicated for the following purposes:
 (1) Not less than thirty-five percent shall be used for capital improvements, maintenance, etc., of the Pointe Coupee Parish Hospital District No. 1.
 (2) Not less than twenty percent shall be used for capital improvements, maintenance, etc., of a comprehensive parishwide solid waste and nonhazardous waste disposal program.
 (3) Not less than twenty percent shall be used for the construction and maintenance of public roads, highways, etc., throughout the unincorporated areas of the parish.
 (4) Not less than fourteen percent shall be used for capital improvements for a parishwide recreation program.
 (5) Any remainder of the avails must be appropriated by the parish governing authority for lawful parish purposes, by ordinance or resolution of the parish.
By ordinance, the parish dedicated five percent and six percent of the remaining avails for a drug abuse center and a jail facility, respectively.
The dedication for the parishwide recreation program reads as follows:
 "Not less than fourteen (14 %) percent of the proceeds from the Tax in each year shall be dedicated and used for capital improvements, maintenance and operation of a parishwide recreation program, including, but not limited to, a senior citizens and youth services program."
A subsequent proposition was passed by the electorate which reads, in pertinent part, as follows:
 "Shall the Parish of Pointe Coupee, Louisiana ('Parish') acting through the Police Jury . . . be authorized to fund into bonds, from time to time, the proceeds of the one percent parishwide sales and use tax . . . to pay the capital cost of any of the purposes for which the tax was voted, with the first emission of said bonds to be in the principal amount of One Million One Hundred Thousand Dollars ($1,100,000) to run for thirty (30) years from date thereof . . . issued for the purpose of acquiring a site for and constructing and acquiring a multi-use recreation building, title to which shall be in the public, said bonds to be payable solely from and secured by an irrevocable pledge and dedication of the proceeds of said tax lawfully available for such purpose, subject only to the prior payment of the costs and expenses of administering and collecting said tax?"
LSA-R.S. 39:704 provides the following:
 "The proceeds of any special tax shall constitute a trust fund to be used exclusively for the objects and purposes for which the tax was levied. The records of the taxing authority shall clearly reflect the objects and purposes for which the proceeds of the tax are used."
Since the scope of the authority for expenditure of the subject sales tax revenues is concomitant to the consent of the electorate, the ordinary sense of the words contained in the proposition is dispositive of their meaning for the electorate approving the tax.
It is my understanding from talking with Mr. David Cifreo, Sales Tax Director for the Pointe Coupee Parish Police Jury, that the police jury desires to use the tax revenues dedicated for recreational purposes to pay the salaries of the tourism director and secretary, to pay for advertisements geared to attract tourists to Pointe Coupee Parish, and to generally promote tourism within the parish.
We are of the opinion that a distinction exists between the operation of a parishwide recreation program and the promotion of tourism. We must, therefore, conclude that the tax revenues dedicated to parishwide recreation may not be used for the tourism purposes described hereinabove.
With regard to the second proposition which irrevocably pledges and dedicates the same tax to secure bonds, the proceeds of which to be used for acquiring a site and constructing a multi-use recreation building, I draw your attention to LSA-R.S.39:698.5(C):
 "When any bonds shall have been issued hereunder neither the legislature, the governing authority, nor any other authority shall discontinue or decrease the tax or permit to be discontinued or decreased the tax in anticipation of the collection of which such bonds have been issued, or in any way make any change in the allocation and dedication of the proceeds of such tax which would diminish the amount of the sales tax revenues to be received by the issuer until all of such bonds shall have been retired as to principal and interest, and there is hereby vested in the holders from time to time of such bonds and the coupons representing interest thereon a contractual right under the provisions of this Sub-Part." (Emphasis added).
As can be seen from the above language, the police jury is prohibited from using the sales tax revenues for any purpose other than that for which bonds are issued. Again, this would not include the promotion of tourism.
Trusting this adequately responds to your request, I am
Sincerely,
 RICHARD P. IEYOUB Attorney General
 BY: ROBERT E. HARROUN, III Assistant Attorney General
RPI/REH, III:lbw-0046R
cc: Mr. David Cifreo